IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHOLIC HEALTHCARE WEST-BAY AREA d.b.a. ST. MARY'S MEDICAL CENTER<br><br>Plaintiff,<br><br>v.<br><br>SEAFARERS HEALTH & BENEFITS PLAN,<br><br>Defendant._____/ | No. C 06-01741 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Plaintiff has filed a motion to remand which is currently scheduled for a hearing on August 18, 2006. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for resolution without oral argument, and accordingly VACATES the August 18, 2006 hearing. The Court will still hold the case management conference scheduled for 2:30 p.m. on August 18, 2006. As set forth below, the Court DENIES plaintiff's motion.

**BACKGROUND**

Plaintiff Catholic Healthcare West – Bay Area ("St. Mary's") filed this action on January 25, 2006, in the Superior Court for the County of San Francisco. The complaint alleges claims for breach of implied contract, negligent misrepresentation, promissory estoppel, quantum meruit, and "indebitatus assumpsis (for work, labor, services, and materials)." According to the complaint, St. Mary's is a qualified healthcare provider in the business of providing medical services and is licensed by the State of California to operate a hospital. Complaint ¶ 1.

The complaint alleges that St. Mary's provided medical treatment for a patient, "W.D.", who was

covered under an employer-provided medical insurance plan by defendant Seafarers Health and Benefits Plan ("Seafarers"). *Id.* ¶ 6. Plaintiff alleges that prior to providing treatment to W.D., St. Mary's contacted Seafarers and verified coverage for W.D., and that "pursuant to said verification of coverage by Seafarers, necessary medical treatment was administered to patient W.D." *Id.* St. Mary's then submitted a claim for reimbursement to Seafarers, of which Seafarers paid a portion. *Id.* ¶ 11. St. Mary's complaint seeks the balance of St. Mary's total billed charges.

On March 7, 2006, defendant removed this case to this Court on the ground that plaintiff's claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* On July 14, 2006, plaintiff filed a motion to remand this case to state court.

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). In this action, defendant asserts federal question jurisdiction under 28 U.S.C. § 1331, based on ERISA preemption.

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The Court may remand sua sponte or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); *Salveson v. Western States Bankcard Ass'n*, 525 F. Supp. 566, 571 (N.D. Cal. 1981), *aff'd in part, rev'd in part*, 731 F.2d 1423 (9th Cir. 1984). In this case, defendant must meet this burden.

The removal statute is strictly construed against removal jurisdiction and doubt is resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Existence of federal jurisdiction on removal must be determined on the face of the complaint. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908). A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co v. Taylor*,

481 U.S. 58, 63 (1987). However, the Court may examine the entire record to determine if the real nature of the claim is federal, notwithstanding plaintiff's characterization to the contrary, when the plaintiff has, by "artful pleading," attempted to defeat defendant's right to a federal forum. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981); *Salveson*, 525 F. Supp. at 572. A complainant cannot "avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 666 (9th Cir. 1985).

## DISCUSSION

Plaintiff contends that removal was improper because St. Mary's lacks standing under ERISA. Plaintiff argues that St. Mary's is not an ERISA "beneficiary," and that St. Mary's did not sue as an assignee of W.D., who is an ERISA beneficiary. Instead, plaintiff asserts that it sues as an "independent entity claiming damages," and thus its claims are outside the scope of ERISA. In addition, plaintiff contends that "the simple agreement of defendant to pay St. Mary's to care for the patient [W.D.] is not governed by ERISA."

The Court finds plaintiff's arguments lack merit. Although plaintiff is correct that St. Mary's is not a "beneficiary" under ERISA, it is undisputed that W.D. assigned his/her benefits to St. Mary's, and that pursuant to that assignment, St. Mary's directly billed Seafarer's for W.D's care.[1] In *Misic v. Building Service Employees*, 789 F.2d 1374 (9th Cir. 1986) (per curiam), the Ninth Circuit held that a physician who provided dental services to beneficiaries and who was assigned their right of reimbursement, had standing to pursue an action under ERISA. *Id.* at 1379. Thus, St. Mary's could have brought suit under ERISA as W.D.'s assignee. The question presented by defendant's removal and plaintiff's motion for remand is whether ERISA preempts plaintiff's solely state law claims.

---

[1] Defendant has submitted documents showing that W.D. assigned his/her insurance benefits to St. Mary's. *See* Benoit Decl., Ex. D (invoice listing charges for patient's treatment, stamped "INSURANCE BENEFITS ASSIGNED TO HOSPITAL"). Although plaintiff disputes the legal significance of this assignment, plaintiff does not dispute that W.D. in fact assigned the benefits. In addition, defendant has submitted a declaration stating that St. Mary's appealed Seafarer's initial determination of what benefits were due, and that as a result of the appeal, Seafarer agreed to pay an additional amount to St. Mary's. Benoit Decl. ¶ 7. According to Seafarers, only plan participants and/or beneficiaries have the right to appeal a denial of all or a portion of a claim. *Id.*

3

ERISA preempts state law claims that "relate to" an employee benefit plan. *See* 29 U.S.C. § 1144(a). A common law claim "relates to" an employee benefit plan governed by ERISA "if it has a connection with or reference to such a plan." *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995). The Ninth Circuit has explained that common law claims do not "relate to" an ERISA plan when the "adjudication of the claim required no interpretation of the plan, no distribution of benefits, and no dispute regarding any benefits previously paid." *Peralta v. Hispanic Business, Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005); *see, e.g.*, *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 321 F.3d 933, 937-39 (9th Cir. 2003) (no ERISA preemption because there was no ERISA plan); *Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023, 1027-29 (9th Cir. 1995) (no ERISA preemption because plaintiff never became eligible to receive benefits under the plan). In contrast, where a claim requires interpretation of an ERISA plan or law, ERISA preemption exists. *See Peralta*, 419 F.3d at 1069.

Here, regardless of how plaintiff attempts to characterize its claims, those claim "relate to" ERISA. There is no dispute that W.D.'s insurance plan is an employee benefit plan under ERISA. Although plaintiff does not elaborate on what it means by the "simple agreement" between the parties that Seafarers allegedly breached, presumably plaintiff is referring to St. Mary's confirmation of medical coverage for W.D., and Seafarers' "agreement" to pay for expenses under W.D.'s plan. *See* Complaint ¶ 21 ("As a direct and proximate result of Seafarers' . . . assurances and representations that the patient W.D. had health coverage with them, from which payment would be made for all of St. Mary's usual and customary charges for the medical care rendered to patient W.D. as described above, St. Mary's provided medically necessary services, supplies and/or equipment to patient W.D."); *id.* ¶ 18 ("[Defendants] negligently made false representations to St. Mary's without reasonable grounds for doing so that Seafarers . . . would fully pay St. Mary's *usual and customary charges* for rendering medical care to patient W.D. as described above.") (emphasis added). In order to evaluate plaintiff's claims, the fact finder would necessarily be required to interpret W.D.'s policy to determine what expenses were covered.

The cases relied on by St. Mary's are distinguishable. In *The Meadows v. Employers Health Insurance*, 47 F.3d 1006 (9th Cir. 1995), a health care provider filed claims for negligent

4

1 misrepresentation, estoppel, and breach of contract against an insurance company. The health care
2 provider claimed that the insurance company refused to pay expenses associated with two patients' care,
3 despite representing to the provider that the patients were covered by insurance. The Ninth Circuit held
4 that ERISA did not preempt these claims because the health care provider did not sue as an assignee of
5 an ERISA beneficiary, but as an independent entity claiming damages. *Id.* at 1008. Significantly,
6 during the time period covered by the complaint, the patients were not actually covered by the
7 defendant. "We hold that the district court correctly concluded that the independent state law claims
8 of The Meadows, a third-party provider, lie outside the bounds of the ERISA 'relates to' standard
9 *because neither The Meadows nor the Friedels had any existing ties to the ERISA plan in 1990.*" *Id.*
10 at 1009 (emphasis added); *see also Cypress Fairbanks Med. Ctr. v. Pan American Life Ins.*, 110 F.3d
11 280, 284 (5th Cir. 197) ("ERISA does not preempt a third-party provider's state-law claims if that third
12 party's claim is premised on a finding that the beneficiary is not covered at all by an existing ERISA
13 plan."); *Memorial Hospital System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990) (same).

15 These case are all inapposite because St. Mary's does not allege (or contend in its papers) that
16 Seafarers misrepresented the existence of W.D.'s coverage; to the contrary, the complaint explicitly
17 alleges that W.D. was covered under a Seafarers plan during the time St. Mary's provided care to W.D.
18 Complaint ¶ 6 ("At all relevant times, patient W.D. was a member of the health plan run by Seafarers
19 and/or Does 1-25."). Instead, the dispute here centers on Seafarers' payments to St. Mary's *under*
20 W.D.'s plan. As such, St. Mary's claims "relate to" an ERISA plan, and defendant's removal of this
21 case was proper.

### CONCLUSION

24 For the foregoing reasons and good cause shown, the Court hereby DENIES plaintiff's motion
25 to remand. (Docket No. 14).

26 **IT IS SO ORDERED.**

28 Dated: August 15, 2006                                       Susan Illston

5

1
2     SUSAN ILLSTON
      United States District Judge
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28